Priority ✓
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

FILED
CLERK U.S. DISTRICT COURT
FILED
AUG -9 2002
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| | |
|---|---|
| Alejandro Mercado,<br><br>                    Petitioner<br><br>v.<br><br>E.S. Alameida, Warden,<br><br>                    Defendant | CASE NUMBER<br><br>CV 02-02734-HLH (VBK)<br><br>NOTICE OF FILING<br>OF MAGISTRATE JUDGE'S REPORT<br>AND RECOMMENDATION AND THE<br>LODGING OF PROPOSED JUDGMENT<br>AND/OR ORDER |

TO:  All Parties of Record

Alejandro Mercado
CDC#: P-71462
P.O. Box 5002
Calipatria, CA 92233-5002

Rama R. Maline
CAAG-Office of Attorney General of California
300 S. Spring St., Ste 500 N
Los Angeles, CA 90013-1230

You are hereby notified that pursuant to the Local Rules Governing Duties of Magistrate Judges, the Magistrate Judge's report and recommendation has been filed and a proposed judgment and/or order has been lodged on _____ 8-09-02 _____, copies of which are attached.

Any party having objections to the report and recommendation and the proposed judgment and/or order shall, not later than ___ 20 DAYS ___, file and serve a written statement of objections with points and authorities in support thereof before the Honorable ___ VICTOR B. KENTON ___, U.S. Magistrate Judge.

Failure to so object within the time limit specified shall be deemed a consent to any proposed findings of fact. Upon receipt of objections, or upon lapse of the time for filing objections, the case will be submitted to the District Judge for disposition. Following entry of judgment and/or order, all motions or other matters in the case will be considered and determined by the District Judge.

The report and recommendation of a Magistrate Judge is not a final appealable order. A notice of appeal pursuant to Federal Rules of Appellate Procedure 4(a)(1) should not be filed until entry of a judgment and/or order by the District Judge.

CLERK, UNITED STATES DISTRICT COURT

Dated: ___ 8-09-02 ___       By ___ R. HORAN ___
                                        Deputy Clerk

Attachments

ENTER ON CIVS

AUG 1 2 2002

M-51 (6/98)   NOTICE OF FILING OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
              AND THE LODGING OF PROPOSED JUDGMENT AND/OR ORDER



FILED
CLERK, US DISTRICT COURT

AUG - 9 2002

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| ALEJANDRO MERCADO, | ) | Case No. CV 02-02734-HLH (VBK) |
| Petitioner, | ) ) | REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| vs. | ) ) | |
| E. S. ALAMEIDA, WARDEN, et al., | ) ) ) | |
| Respondent(s). | ) ) | |

This Report and Recommendation is submitted to the Honorable Harry L. Hupp, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 01-13 of the United States District Court for the Central District of California.

I

**PROCEEDINGS**

Alejandro Mercado (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" ("Petition") on April 3, 2002.

On May 3, 2002, Respondent filed a Motion to Dismiss ("MTD"), contending that the Petition contained unexhausted claims and the

1  Court lacked personal jurisdiction over Respondent.

2  On June 4, 2002, Petitioner filed an Opposition to the Motion and submitted a new face page which cured the defect regarding the Court's lack of jurisdiction.

On July 2, 2002, the Court issued a Memorandum and Order Re: Dismissal of Petition with Leave to Amend.

As of the date of this Report and Recommendation, Petitioner has neither filed a Response to the Court's Memorandum and Order nor has Petitioner requested an extension of time to do so.

## II

### BACKGROUND

Petitioner is in custody pursuant to a conviction in Los Angeles Superior Court. (Motion to Dismiss ["MTD"] Exhibit ["Ex."] A)  Petitioner was sentenced to state prison for a term of 24 years and 4 months. (MTD Ex. B at 18-23)

Petitioner appealed his conviction to the California Court of Appeal. (MTD Ex. C)  On August 28, 2001, the California Court of Appeal affirmed the conviction and modified the sentence, which did not affect the length of Petitioner's sentence. (MTD Ex. D)

On October 1, 2001, Petitioner filed a Petition for Review in the California Supreme Court. (MTD Ex. E)  The California Supreme Court denied the Petition for Review on October 31, 2001 without citation to authority. (MTD Ex. F)

On October 31, 2000, Petitioner filed a Petition for Writ of Habeas Corpus in the California Court of Appeal. (MTD Ex. G)  On August 28, 2001, the California Court of Appeal denied the Petition. (MTD Ex. D at 125)

2

III

**PETITIONER'S CONTENTIONS**

Petitioner contends the following <u>inter alia</u>:

1. Juror misconduct;
2. The trial court abused its discretion when it denied Petitioner's motion for a continuance to procure the testimony of a crucial defense witness;
3. The trial court's denial of Petitioner's request for a pinpoint jury instruction was prejudicial error;
4. It was prejudicial error for the court to instruct the jury with CALJIC No. 4.71;
5. The trial court abused its discretion by permitting the prosecutor to introduce evidence that Petitioner was a gang member;
6. The trial court abused its discretion when it denied Petitioner's motion for a new trial; and
7. Because the jury found Petitioner personally armed with a firearm in the commission of each robbery, Petitioner's conviction for the unlawful possession of that gun (Count Four) must be stayed pursuant to P.C. § 654. (<u>See</u> Petition at 6 through 7A)

IV

**LEGAL STANDARD**

Federal habeas petitioners challenging the legality of custody pursuant to a state court judgment must first exhaust any remedies available in the state courts, unless circumstances exist which make such remedies ineffective. (28 U.S.C. § 2254(b)(1)) This

exhaustion requirement is not met if a petitioner has the right, under state law, to raise the claims presented in any available state procedure. (28 U.S.C. § 2254(c)) A state, through counsel, may waive the exhaustion requirement, but must do so expressly. (28 U.S.C. § 2254(b)(3))

The exhaustion requirement is designed to protect the role of the state courts in the enforcement of federal law and to prevent disruption of state judicial proceedings. Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). A petitioner has exhausted state remedies if he has fairly presented each and every one of his federal claims to the highest state court with the jurisdiction to consider them. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam), citing Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Harmon v. Ryan, 959 F.2d 1457, 1460 (9th Cir. 1992). A claim has been fairly presented if the petitioner has described the operative facts and legal theory upon which his claim is based. Bland v. California Department of Corrections, 20 F.3d 1469, 1473 (9th Cir.), cert. denied 513 U.S. 947 (1994). Further, the petitioner must have alerted the state court that a claim is asserted under the United States Constitution. Duncan, 513 U.S. at 365; Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996). If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court. Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998); citing Johnson, 88 F.3d at 829; see also Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996).

1  Unless the state expressly waives the exhaustion requirement,
2  a federal court cannot grant relief requested in a state prisoner's
3  habeas petition if the prisoner has not exhausted state remedies
4  with respect to each and every claim contained in the petition. 28
5  U.S.C. § 2254(b)(1); Reutter v. Crandel, 109 F.3d 575, 578 (9th
6  Cir.), cert. denied, 118 S. Ct. 142 (1997) (even petitions
7  containing both exhausted and unexhausted claims are subject to
8  dismissal).

## V

## DISCUSSION

As noted above, Respondent has not waived the exhaustion requirement, and has moved for dismissal contending, inter alia, that the petition contains unexhausted claims.

Specifically, Respondent contends that Grounds One, Three and Four of the Petition are unexhausted. The claims are as follows: There was juror misconduct based on the jury foreman's failure to divulge during voir dire that he had been the victim of a robbery and engaged in vigilante justice which denied Petitioner his constitutional right to a fair and impartial jury; the trial court's denial of Petitioner's request for a pinpoint instruction to inform the jury that the defense had no obligation to prove Petitioner's alibi defense beyond a reasonable doubt was prejudicial error; and the trial court committed prejudicial error in instructing the jury with CALJIC No. 4.71. (See Petition at 6 through 7A)  These claims were not included as either state or federal law issues in Petitioner's Petition for Review in the California Supreme Court. (MTD Ex. E at 126-42)

1 | In Petitioner's Petition for Review filed in the California
2 | Supreme Court, Petitioner raised the following issues: (1) it was
3 | an abuse of discretion and a violation of the federal and
4 | California Constitutions for a trial court to refuse to order a
5 | body attachment and grant a brief continuance to enable Petitioner
6 | to call a material witness in his defense; and (2) the hearsay
7 | evidence in a probation report was insufficient to support a
8 | restitution fine when it was contradicted by the trial testimony of
9 | the victims. (See MTD Ex. E at 136-42)

10 | The Court finds that Petitioner has exhausted Claims Two,
11 | Five, Six and Seven.  Therefore, this is a "mixed petition," one
12 | containing exhausted and unexhausted claims.  Under Ninth Circuit
13 | authority, prior to dismissing a "mixed" petition, the Court must
14 | afford Petitioner the opportunity to amend the Petition to rectify
15 | its deficiencies.  See James v. Giles, 221 F.3d 1074, 1076 (9th
16 | Cir. 2000); see also Anthony v. Cambra, 236 F.3d 568 (9th Cir.
17 | 2000).  Petitioner was given an opportunity to amend the Petition;
18 | however, he failed to respond to the Court's Order.

19 | The Federal Rules of Civil Procedure apply to pro se litigants
20 | in this District.  (Local Rule 1-3)  Failure to comply with the
21 | Federal Rules of Civil Procedure or a Court Order can result in a
22 | dismissal of the action. (Fed. R. Civ. P. 41(b); Local Rule 41-1)
23 | Moreover, the Court has the inherent power to achieve the orderly
24 | and expeditious disposition of cases by dismissing actions for
25 | failure to prosecute.  Link v. Wabash R.R., 370 U.S. 626, 629-630
26 | (1962).[1]

---

28 | 1    In reaching the conclusion that dismissal is appropriate, the Magistrate Judge has weighed the relevant factors: "(1) the

6

Here, Petitioner neither filed an Amended Petition nor requested an extension of time to do so. Thus, the Petition should be denied and dismissed without prejudice.

## RECOMMENDATION

For all the foregoing reasons, it is recommended that the District Court issue an order: (1) approving and adopting this Report and Recommendation; and (2) directing that Judgment be entered denying and dismissing the Petition without prejudice.

DATED: AUG - 9 2002

/s/ Victor B. Kenton
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to timely file Objections as provided in the Local Rules Governing the Duties of the Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.

---

public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) and finds that dismissal is warranted.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO MERCADO, ) | No. CV 02-02734-HLH (VBK) |
| Petitioner, ) | ORDER (1) ACCEPTING AND ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND (2) DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS |
| v. ) | |
| E. S. ALAMEIDA, WARDEN, et al., ) | |
| Respondent(s). ) | **PROPOSED** |

Pursuant to 28 U.S.C. § 636, the Court has made a <u>de novo</u> review of the Petition for Writ of Habeas Corpus ("Petition"), Respondent's Return, all of the records herein and the Report and Recommendation of the United States Magistrate Judge ("Report").

IT IS ORDERED that: (1) the Court accepts and adopts the Report and Recommendation, and (2) Judgment be entered denying and dismissing the Petition with prejudice.

DATED:_____

_____
HARRY L. HUPP
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO MERCADO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>E. S. ALAMEIDA, WARDEN, et al.,<br><br>　　　　Respondent(s). | No. CV 02-02734-HLH (VBK)<br><br>JUDGMENT<br><br>**PROPOSED** |

Pursuant to the Order Accepting and Adopting the Report and Recommendation of the United States Magistrate Judge, and dismissing the Petition for Writ of Habeas Corpus ("Petition") with prejudice,

IT IS ADJUDGED that the Petition is denied and dismissed with prejudice.

DATED:_____

　　　　　　　　　　　　　　　　　HARRY L. HUPP
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE